**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND and its Trustees: MILTON JONES, ROBERT A. BLAIR, CARL IVKA, TIMOTHY M. MELIA, JASON PARADIS, MONRAE BAILEY, DAVID BELL, and DAVID BURNWORTH** ) ) ) ) ) ) ) ) | |
| **2625 Butterfield Road, Suite 208E Oak Brook, IL 60523** ) ) ) | **Case No. 1:25-cv-13030** |
| **Plaintiffs,** ) ) | |
| **v.** ) ) | |
| **RABER PACKING COMPANY 3000 W. Farmington Road West Peoria, IL 61604** ) ) ) ) | |
| **Serve:    Henry Fred Courdt 3000 W. Farmington Road West Peoria, IL 61604** ) ) ) ) | |
| **Defendant.** ) ) | |

**COMPLAINT**

Plaintiffs, United Food and Commercial Workers International Union-Industry Pension Fund (the "Fund") and its Trustees, by counsel, hereby complain of Raber Packing Company ("Raber Packing" or "Defendant") as follows:

**Introduction**

1.     This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq*., and the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. Plaintiffs seek a money judgment against Defendant awarding delinquent contributions, accrued interest, liquidated damages, and attorneys' fees and costs

23196519v3

incurred by the Plaintiffs in collecting these amounts related to Defendant's failure to pay contributions pursuant to ERISA Sections 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145, and as required by agreements between Defendant and the United Food and Commercial Workers Local Union No. 536 ("Local 536") and Local Union No. 1546 ("Local 1546").

## Jurisdiction and Venue

2.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered in this District.

## Parties

4.     The Fund is a joint labor-management pension fund established pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and a multiemployer employee benefit plan within the meaning of Sections 3(3), 3(37), and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(3), 1002(37), and 1301(a)(3).

5.     Plaintiffs Milton Jones, Robert A. Blair, Carl Ivka, Timothy M. Melia, Jason Paradis, Monrae Bailey, David Bell, and David Burnworth, are Trustees of the Fund and "fiduciaries" with respect to the Fund as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are members of the Fund's Board of Trustees, which is the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Fund is administered in Oak Brook, Illinois.

6.     Defendant is an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12). Upon information

and belief, Defendant is a corporation organized under the laws of the State of Illinois with its principal place of business in West Peoria, Illinois.

## Governing Documents

7.     At all times relevant to this action, Defendant employed employees represented for the purposes of collective bargaining by Local 536 and Local 1546, labor organizations representing employees in an industry affecting interstate commerce.

8.     At all times relevant to this action, Defendant and Local 536 and Local 1546 have been parties to and bound by collective bargaining agreements ("CBAs") obligating Defendant to make monthly contributions to the Fund.

9.     Under the CBAs, Defendant agreed to be bound by the Agreement and Declaration of Trust ("Trust Agreement") governing the Fund, and any rules and policies adopted by the Trustees thereunder. The Trust Agreement required Defendant to submit monthly pension contributions to the Fund and submit monthly remittance reports to the Fund detailing those individuals who are covered under the Fund for purposes of accruing pension benefits.

10.    Defendant also signed Employer Participation Agreements with the Fund ("Participation Agreements"). The terms of the Participation Agreements obligated Defendant to be bound by the terms and provisions of the Trust Agreement, including all amendments thereto.

11.    The Trust Agreement bound Defendant to the Fund's Delinquency Collection Procedure adopted by the Trustees ("Delinquency Policy").

12.    The Delinquency Policy requires Defendant to submit monthly remittance reports and pension contributions to the Fund, establishes the Fund's interest rate on delinquent contributions, provides for the Fund to charge interest on late-paid contributions, and calls for the Fund to collect attorneys' fees, costs, and liquidated damages related to collecting a delinquency.

## COUNT ONE: DELINQUENT CONTRIBUTIONS

13.     Plaintiffs incorporate the foregoing Paragraphs as if stated herein.

14.     Defendant is obligated to pay contributions to the Fund and submit monthly remittance reports as required by the CBAs, the Trust Agreement, the Participation Agreements, and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145.

15.     Pursuant to the CBAs entered into with Local 536 and 1546, Defendant has failed to pay $21,042.26 in estimated contributions owed to the Fund for the months of June 2025 through August 2025 and has failed to submit monthly remittance reports for the months of June 2025 through August 2025.

16.     Because Defendant has not submitted monthly remittance reports for the months of June 2025 through August 2025, Defendant may owe the Fund additional amounts that will not be known to the Fund until such monthly remittance reports have been submitted.

17.     In addition, Defendant failed to timely and properly pay the Fund interest on late-paid contributions for the months of February 2025 through April 2025 in the amount of $273.40, as required under the terms of the CBA and the Trust Agreement.

18.     Pursuant to the CBA entered into with Local 536, Defendant also underpaid contributions in the amount of $64.40 for the month of May 2025.

19.     By failing to pay the required contributions, Defendant has violated Section 515 of ERISA, 29 U.S.C. § 1145, Section 302 of the LMRA, 29 U.S.C. § 186, the CBA and the Trust Agreement.

20.     In addition, by failing to submit monthly remittance reports to the Fund, Defendant has violated Section 302 of the LMRA, 29 U.S.C. § 186, the CBA and the Trust Agreement.

21.     Accordingly, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the LMRA, the Trust Agreement, Defendant is liable to the Fund for $21,042.26 in estimated

delinquent contributions for the months of June 2025 through August 2025, and any contributions that become delinquent or are discovered while this action is pending, and at least $316.25 in interest, accrued through October 9, 2025, and continuing to accrue at the Fund's interest rate of 2% above the prime rate from the date the contributions became due and owing until the date paid, liquidated damages in an amount that is equal to the greater of the interest on the delinquent contributions or 20 percent of the amount of delinquent contributions, and reasonable attorneys' fees and costs incurred by the Plaintiffs in pursuing the delinquent amounts.

### Prayer for Relief

**WHEREFORE**, Plaintiffs request the following relief:

A.      Enter judgment against Defendant and in favor of Plaintiffs, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the following amounts:

(1)      $21,106.66 in delinquent contributions for the months of May 2025 through August 2025;

(2) Interest on the delinquent contributions at the Fund's interest rate of 2% above the prime rate accruing from the date the contributions became due and owing until the date paid, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(3) Liquidated damages equal to the greater of the interest on the delinquent contributions or 20 percent of the delinquent contributions, in an amount of at least $4,221.33, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(4) Additional contributions that may become delinquent during the pendency of this action or which become ascertainable based on the Fund's review of Defendant's employment records or monthly remittance reports;

(5) Attorneys' fees and other costs incurred by the Fund in the collection of delinquent contributions, including the attorneys' fees and costs in this action, as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2); and

B.      Restrain and enjoin Defendant and all persons acting on its behalf or in conjunction with it from:

(1)     refusing to timely submit remittance reports due to the Fund for all periods for which Defendant is obligated to file such reports under the terms of the CBAs and Trust Agreement; and

(2)     failing or refusing to pay to the Plaintiffs all amounts, including contributions, interest, liquidated damages, and costs due to the Fund for which Defendant is obligated to make payments under the terms of the Agreement; and

C.      Retain jurisdiction of this case pending compliance with its Orders; and

D.      Grant such other and further relief as the Court may deem just.


Dated: October 24, 2025

> Respectfully submitted,
>
> /s/ *Christopher M. Leins*
> Christopher M. Leins, Esq. (Bar No. 997257)
> Benjamin I. Love, Esq. (Bar No. 1032894)
> SLEVIN & HART, P.C.
> 1300 Connecticut Avenue, NW, Suite 700
> Washington, D.C. 20036
> (202) 797-9700
> (202) 234-8231 (facsimile)
>
> /s/ *David Huffman-Gottschling*
> David Huffman-Gottschling, Esq. (Bar No. 06269976)
> JACOBS, BURNS, ORLOVE & HERNANDEZ LLP
> 1 N. La Salle St., Ste. 1620 Suite 1000
> Chicago, IL 60602
> (312) 327-3443

23196519v3

*Counsel for Plaintiffs*

A copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).